IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CRAIG JACKSON,

          Plaintiff,

vs.

BRADLEY CORPORATION,

          Defendant.

CASE NO. 2:22-CV-01185

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Bradley Corporation ("Defendant"), by its undersigned attorneys, answers the allegations in Plaintiff's Complaint ("Complaint") as follows:

## GENERAL RESPONSE

Defendant denies the existence of any purported class or collective, both as a matter of law and of fact, and denies that any member of the putative class or collective was denied compensation to which he or she was entitled in violation of law. Therefore, Defendant denies all allegations as asserted with respect to any class or collective action, and responds to the allegations of the Complaint as asserted with respect to the named plaintiff, Craig Jackson ("Plaintiff"), only.

## SPECIFIC RESPONSES

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.*

("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Craig Jackson, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Bradley Corporation, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action pursuant to the FLSA, WWPCL, and Fed. R. Civ. P. 23. Defendant denies the propriety of such an action, denies that a collective or class action can be properly certified or that collective or class treatment is appropriate, denies the suggestion that a purported class or collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime

2

rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

> **ANSWER:** Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

> **ANSWER:** Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

> **ANSWER:** Defendant admits that this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.  Defendant denies that the allegations in Paragraph 5 of the Complaint are sufficient to prove supplemental jurisdiction under 28 U.S.C. § 1367.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

> **ANSWER:** Defendant admits only that venue is proper in the Eastern District of Wisconsin.  Defendant denies that the allegations in Paragraph 6 of the Complaint are sufficient to prove proper venue in this district under 28 U.S.C. § 1391.  Defendant further denies that it committed any of the unlawful employment practices about which Plaintiff complains.

3

7.     Plaintiff, Craig Jackson, is an adult male resident of the State of Wisconsin residing at 8551 North Servite Drive, Milwaukee, Wisconsin 53223.

**ANSWER:**     Defendant admits that Plaintiff is an adult male.  Upon information and belief, Defendant admits the remaining allegations in Paragraph 7.

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with the Complaint (ECF No. 1).

**ANSWER:**     Defendant admits that a Notice of Consent to Join was filed with the Complaint.  Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9.     Defendant, Bradley Corporation, is a Menomonee Falls, Wisconsin-based company doing business in the State of Wisconsin with a principal office address of W142N9101 Fountain Boulevard, Menomonee Falls, Wisconsin 53051.

**ANSWER:**     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant manufactures commercial plumbing fixtures and washroom accessories.

**ANSWER:**     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER:**     Defendant admits that, for certain periods of time during the three (3) years prior to the filing of the Complaint, Defendant employed Plaintiff as an "employee" and was his "employer" under the FLSA during such periods of time.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in

4

Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Defendant admits that, for certain periods of time during the two (2) years prior to the filing of the Complaint, Defendant "employed" Plaintiff and was his "employer" within the meaning of the WWPCL during such periods of time. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**ANSWER:** Defendant admits the allegations in Paragraph 13 of the Complaint.

14. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Assembler at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees at Defendant's Menomonee Falls, Wisconsin location.

**ANSWER:** Defendant admits only that Plaintiff worked for Defendant as an hourly-paid non-exempt Assembler at Defendant's Menomonee Falls, Wisconsin location during certain periods of time during the three (3) year period immediately preceding the filing of the Complaint. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former

4856-6384-0573.1

hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint. Defendant denies the propriety of such an action, denies that a collective or class action can be properly certified or that collective or class treatment is appropriate, denies the suggestion that a purported class or collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations in Paragraph 15 of the Complaint. Defendant further denies all allegations in paragraph 15 regarding all other hourly-paid, non-exempt employees (see Defendant's General Response, above).

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant, employed more than two (2) employees.

**ANSWER:** Defendant admits the allegations in Paragraph 16 of the Complaint.

17. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.00.

**ANSWER:** Defendant admits the allegations in Paragraph 17 of the Complaint.

6

18.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:**     Defendant admits that Defendant hired Plaintiff during the three (3) year period immediately preceding the filing of the Complaint.  Defendant further admits that it has hired, terminated, promoted, demoted, and/or suspended other employees during the three (3) year period immediately preceding the filing of the Complaint.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.   Defendant further denies all allegations in Paragraph 18 regarding all other hourly-paid, non-exempt employees (see Defendant's General Response, above).

19.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**ANSWER:**  Defendant admits that, for certain periods during the three (3) year immediately preceding the filing of the Complaint, Defendant has employed individuals who supervised Plaintiff and certain other hourly-paid, non-exempt employees.  Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiffs work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER:**  Defendant admits that, during certain periods during the three (3) year period immediately preceding the filing of the Complaint, Defendant employed individuals who had the ability and authorization to review Plaintiff's work performance and the work

4856-6384-0573.1

performance of certain other hourly-paid, non-exempt employees, depending on the department and location of such employees' work. Defendant denies the remainder of the allegations in Paragraph 20 of the Complaint.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER:** Defendant admits that, during certain periods during the three (3) year period immediately preceding the filing of the Complaint, Defendant employed individuals who had the ability and authorization to establish Plaintiff's work schedule and the work schedules of certain other hourly-paid, non-exempt employees, depending on the department and location of such employees. Defendant denies the remainder of the allegations in Paragraph 21 of the Complaint.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

**ANSWER:** Paragraph 22 is vague as to the employment policies, practices, and/or procedures referred to by Plaintiff. Accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other

8

hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER:** Defendant admits that, during certain periods during the three (3) year period immediately preceding the filing of the Complaint, Defendant employed individuals who had the ability and authorization to oversee, manage, and decide Plaintiff's employment-related questions and those of certain other non-exempt employees, depending on the department and location of such employees. Defendant denies the remainder of the allegations in Paragraph 23 of the Complaint.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**ANSWER:** Defendant admits the allegations in Paragraph 24 of the Complaint.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, incentives, and/or other rewards and payments.

**ANSWER:** Defendant admits that, during certain periods during the three (3) year period immediately preceding the filing of the Complaint, Defendant compensated Plaintiff and certain other hourly-paid, non-exempt employees for hours worked and work performed, including with additional forms of compensation, such as monetary bonuses or incentives. Defendant denies the remainder of the allegations in Paragraph 25 of the Complaint.

9

## RESPONSES TO PLAINTIFF'S GENERAL ALLEGATIONS

26.     In approximately May 2020, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Assembler working at Defendant's Menomonee Falls, Wisconsin location.

**ANSWER:**     Defendant admits the allegations in Paragraph 26 of the Complaint.

27.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER:**     Defendant admits the allegations in Paragraph 27 of the Complaint.

28.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER:**     Defendant admits the allegations in Paragraph 28 of the Complaint.

29.     Plaintiff is still currently employed by Defendant.

**ANSWER:**     Defendant admits the allegations in Paragraph 29 of the Complaint.

30.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Menomonee Falls, Wisconsin location.

**ANSWER:**     Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and certain other hourly-paid, non-exempt employees performed compensable work on behalf of Defendant, with Defendant's knowledge, for Defendant's benefit, and at Defendant's direction.  Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

10

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant.

**ANSWER:**     Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and certain other hourly-paid, non-exempt employees performed compensable work on behalf of Defendant, with Defendant's knowledge, for Defendant's benefit, and at Defendant's direction.  Defendant denies any remaining allegations in Paragraph 31 of the Complaint.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**ANSWER:**     Defendant admits that, on occasion during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff worked more than 40 hours in the week.  Defendant denies any remaining allegations in Paragraph 32 of the Complaint.  Defendant further denies all remaining allegations in Paragraph 32 of the Complaint regarding the other hourly-paid, non-exempt employees (see General Response, above).

33.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**ANSWER:**     Defendant admits that, during some weeks during the three (3) year period immediately preceding the filing of the Complaint, Defendant was aware that

Plaintiff had worked more than 40 hours in the week. Defendant denies any remaining allegations in Paragraph 33 of the Complaint. Defendant further denies all remaining allegations in Paragraph 33 of the Complaint regarding the other hourly-paid, non-exempt employees (see General Response, above).

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a weekly basis via check.

**ANSWER:**     Defendant admits that, during some weeks during the three (3) year period immediately preceding the filing of the Complaint, Defendant compensated Plaintiff on a weekly basis. Defendant denies any remaining allegations in Paragraph 34 of the Complaint. Defendant further denies all remaining allegations in Paragraph 34 of the Complaint regarding the other hourly-paid, non-exempt employees (see General Response, above).

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

**ANSWER:**     Defendant admits the allegations in Paragraph 35 of the Complaint.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

**ANSWER:**     Defendant admits the allegations in Paragraph 36 of the Complaint.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

12

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER:** Defendant admits the allegations in Paragraph 38 of the Complaint.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:** Defendant admits the allegations in Paragraph 39 of the Complaint.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:** Defendant admits the allegations in Paragraph 40 of the Complaint.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits the allegations in Paragraph 41 of the Complaint.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits the allegations in Paragraph 42 of the Complaint.

13

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

**ANSWER:**  Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Defendant maintained a centralized system for compensating Plaintiff and other hourly-paid, non-exempt employees for all remuneration earned.  Defendant further admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, the remuneration for which Defendant compensated Plaintiff and certain other hourly-paid, non-exempt employees included monetary bonuses and incentives.  Defendant denies any remaining allegations in Paragraph 43 of the Complaint.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a monthly, quarterly, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendant.

**ANSWER:**  Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and certain other hourly-paid, non-exempt employees were compensated with monetary bonuses and incentives on monthly or quarterly basis.  Defendant denies any remaining allegations in Paragraph 44 of the Complaint.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all forms of non-discretionary

compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Complaint.

## RESPONSES TO PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

15

**ANSWER:** Defendant admits that Plaintiff purports to bring this action pursuant to the FLSA and further purports to define a putative FLSA collective as stated. Defendant denies the propriety of such an action, denies that a collective action can be properly certified or that collective treatment is appropriate, denies the suggestion that a purported collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff's proposed definition of the putative FLSA collective is appropriate, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant admits only that Plaintiff was a non-exempt, hourly employee who was legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek. Defendant denies the remaining allegations in Paragraph 49 of the Complaint. Defendant further denies all allegations in Paragraph 49 of the Complaint regarding the other employees (see General Response, above).

50. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant admits only that Plaintiff was compensated on an hourly basis and was legally entitled to overtime pay for all hours he worked in excess of forty (40) in a workweek. Defendant denies any remaining allegations in Paragraph 50 of the Complaint.

16

Defendant further denies all allegations in Paragraph 50 of the Complaint regarding the other employees in the putative FLSA collective (see General Response, above).

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation - such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments - on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

**ANSWER:**  Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and certain other hourly-paid, non-exempt employees were compensated with monetary bonuses and incentives on a periodic basis.  Defendant denies any remaining allegations in Paragraph 51 of the Complaint.  Defendant further denies all allegations in Paragraph 51 of the Complaint regarding the other employees in the putative FLSA collective (see General Response, above).

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**ANSWER:**  Defendant admits that, during some periods during the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and certain other hourly-paid,

4856-6384-0573.1

non-exempt employees were compensated with certain monetary bonuses and incentives that were nondiscretionary in nature. Defendant denies the remaining allegations in Paragraph 52 of the Complaint. Defendant further denies all allegations in Paragraph 52 of the Complaint regarding the other employees in the putative FLSA collective (see General Response, above).

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiffs and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period. This practice resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of the Complaint.

54. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on a collective basis pursuant to the FLSA. Defendant denies the propriety of such an action, denies that a collective action can be properly certified or that collective treatment is appropriate, denies the suggestion that a purported collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he

18

seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 2 1 6(b).

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on a collective basis pursuant to the FLSA. Defendant denies the propriety of such an action, denies that a collective action can be properly certified or that collective treatment is appropriate, denies the suggestion that a purported collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

19

4856-6384-0573.1

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on a collective basis pursuant to the FLSA. Defendant denies the propriety of such an action, denies that a collective action can be properly certified or that collective treatment is appropriate, denies the suggestion that a purported collective action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

59. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant's conduct, as set forth in the Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Complaint.

4856-6384-0573.1

**RESPONSES TO PLAINTIFF'S RULE 23 CLASS ALLEGATIONS - WISCONSIN**

61.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees
> employed by Defendant in the State of Wisconsin within the two
> (2) years immediately preceding the filing of this Complaint
> (ECF No. 1) and through the date of final judgment who have
> not been compensated for all hours worked in excess of forty
> (40) hours in a workweek at the proper, correct, and/or lawful
> overtime rate of pay as a result of Defendant's failure to include
> all forms of non-discretionary compensation in the regular rate
> of pay for overtime purposes.

**ANSWER:**     Defendant admits that Plaintiff purports to bring this action on a class basis pursuant to the WWPCL and Fed. R. Civ. P. 23.  Defendant denies the propriety of such an action, denies that a class action can be properly certified or that class treatment is appropriate, denies the suggestion that a purported class action is an appropriate or permitted means to prosecute the alleged claims in this action, denies that Plaintiff is entitled to any of the relief he seeks in this action or any other damages or relief whatsoever, and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER:**     Defendant denies the allegations in Paragraph 62 of the Complaint.

4856-6384-0573.1

63.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

**ANSWER:**     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions.  All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class.  Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**ANSWER:**     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class.  Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:**     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation

22

4856-6384-0573.1

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

        **ANSWER:**    Defendant denies the allegations in Paragraph 66 of the Complaint.

        67.    Important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

        **ANSWER:**    Defendant denies the allegations in Paragraph 67 of the Complaint.

        68.    Defendant has violated the WWPCL regarding payment of regular wages and overtime wages.  Current employees are often afraid to assert their rights out of fear of direct

4856-6384-0573.1

or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of the Complaint.

69. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to include all forms of non-discretionary compensation in Plaintiffs and the Wisconsin Class' regular rate of pay for overtime purposes; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER:** Defendant denies the allegations in Paragraph 69 of the Complaint.

70. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER:** Defendant denies the allegations in Paragraph 70 of the Complaint.

4856-6384-0573.1

## RESPONSES TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

71.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:**     Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 70 of the Complaint as if fully set forth in this paragraph.

72.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:**     Defendant admits only that the FLSA provides rights, benefits, and protections. Defendant denies the remaining allegations in Paragraph 72 of the Complaint. Defendant further denies any suggestion in Paragraph 72 that Plaintiff is entitled to any of the relief he seeks in this action for any damages or other relief. Defendant also denies that a "FLSA Collective" exists, denies that collective treatment is appropriate, and denies any allegations inconsistent with the foregoing.

73.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**ANSWER:**     Defendant admits that, during certain periods material to this action, Defendant employed Plaintiff. Defendant denies all remaining allegations in Paragraph 73 of the Complaint. Defendant also denies that a "FLSA Collective" exists, denies that collective treatment is appropriate, and denies any allegations inconsistent with the foregoing.

74.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER:**     Defendant admits that, during certain periods material to this action, Plaintiff was an employee of Defendant. Defendant denies all remaining allegations in

4856-6384-0573.1

Paragraph 74 of the Complaint. Defendant also denies that a "FLSA Collective" exists, denies that collective treatment is appropriate, and denies any allegations inconsistent with the foregoing.

75.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER:**     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

**ANSWER:**     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(l).

**ANSWER:**     Defendant admits only that the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. Defendant denies any suggestion that Plaintiff is entitled to any of the relief he seeks in this action for any damages or other relief and further denies any remaining allegations in Paragraph 77 of the Complaint.

4856-6384-0573.1

78.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:**     Defendant admits the allegations in Paragraph 78 of the Complaint.

79.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated.  Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:**     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

4856-6384-0573.1

**ANSWER:**     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:**     Defendant admits the allegations in Paragraph 82 of the Complaint but Defendant denies that Plaintiff or the putative FLSA collective are entitled to any such costs or attorneys' fees.

## RESPONSES TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

83.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:**     Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 82 of the Complaint as if fully set forth in this paragraph.

84.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.0l(lr), 103.001(5), and 104.01(2)(a).

**ANSWER:**     Defendant admits that, during certain periods material to this action, Plaintiff was an employee of Defendant.  Defendant denies all remaining allegations in Paragraph 84 of the Complaint.  Defendant further denies that a "Wisconsin Class" exists, denies that class treatment is appropriate, and denies any allegations inconsistent with the foregoing.

85.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code§ DWD 272.01(5).

**ANSWER:**     Defendant admits that, during certain periods material to this action, Defendant employed Plaintiff.  Defendant denies all remaining allegations in Paragraph

28

85 of the Complaint. Defendant further denies that a "Wisconsin Class" exists, denies that class treatment is appropriate, and denies any allegations inconsistent with the foregoing.

86. At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat.§§ 109.01 *et seq.,* 103.01 *et seq.,* 104.01 *et seq.,* and Wis. Admin. Code§ DWD 272.01.

**ANSWER:** Defendant admits that, during certain periods material to this action, Defendant employed Plaintiff. Defendant denies all remaining allegations in Paragraph 86 of the Complaint. Defendant further denies that a "Wisconsin Class" exists, denies that class treatment is appropriate, and denies any allegations inconsistent with the foregoing.

87. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Defendant denies the allegations in Paragraph 87 of the Complaint.

88. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

**ANSWER:** Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek in violation of Wisconsin Wage Payment Laws by failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes.

**ANSWER:** Defendant denies the allegations in Paragraph 89 of the Complaint.

29

90.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER:**     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:**     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:**     Defendant admits only that Plaintiff seeks recovery of attorneys' fees and costs in this action. Defendant denies the remaining allegations in Paragraph 92 of the Complaint and further denies that Plaintiff has a successful claim under the WWPCL or that he is entitled to recovery of any attorneys' fees or costs from Defendant.

## RESPONSE TO PLAINTIFF'S WHEREFORE PARAGRAPH

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

    a.     At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate

30

in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b.     At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c.     At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d.     Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e.     Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f.     Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g.     Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h.     Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**ANSWER:** In response to Plaintiff's WHEREFORE paragraph, Defendant denies that Plaintiff is entitled to relief under the FLSA or WWPCL, or to any other relief from Defendant whatsoever, and specifically denies that Plaintiff is entitled to any of the relief sought under subparagraphs (a) through (h) of the WHEREFORE paragraph of the Complaint.

4856-6384-0573.1

## RESPONSE TO PLAINTIFF'S JURY DEMAND

Plaintiff's jury demand does not require a response. However, Defendant acknowledges Plaintiff's jury demand and reserves the right to object to the submission of any particular issue or question to a jury.

## AFFIRMATIVE, ALTERNATIVE, AND OTHER DEFENSES

1. Some or all of Plaintiff's Complaint fails to satisfy the pleading requirements set forth by the United States Supreme Court in *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly* and therefore fails to state a claim upon which relief may be granted with respect to some of Plaintiff's claims.

2. Some or all of the claims by Plaintiff or the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff and the other members of the purported FLSA collective cannot establish willful conduct within the meaning of the FLSA and thus such claims are subject to a two-year statute of limitations.

4. The claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred, in whole or in part, because Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective have not sustained any injury or damage by reason of any act or omission of Defendant.

5. The claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred in whole or in part because Defendant acted in good faith with regard to Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective, had reasonable grounds for believing its actions were not in violation of any law, and has made good faith efforts to comply with the law.

4856-6384-0573.1

6.      Some or all of the claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred in whole or in part by the *de minimis* doctrine.

7.      Some or all of the claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, or unclean hands.

8.      The non-discretionary compensation claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred to the extent the bonuses or other compensation received were discretionary in nature and therefore not required to be included in the calculation of their regular rate under the FLSA.

9.      Some or all of the claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred, in whole or in part, by the doctrines of recoupment, offset, or setoff.  Specifically, Defendant is entitled to a setoff against any alleged unpaid overtime compensation owed to Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective for any compensation paid to them for non-compensable time and Defendant is entitled to recoup, offset, and/or setoff such payments against any amounts claimed by Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective.

10.     Some or all of the claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred, in whole or in part, by payment and/or accord and satisfaction.

11.     Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

4856-6384-0573.1

12.     This action cannot be maintained as a class action under Fed. R. Civ. P.

Rule 23 because Plaintiff is not a proper or adequate representative of the alleged class, and the

alleged class would not, therefore, have adequate representation.

13.     Plaintiff has interests that conflict with those of some or all of the putative

class members.

14.     Plaintiff is not similarly-situated to the proposed class or collective

members for purposes of the FLSA or WWPCL.

15.     Class certification is not appropriate because Plaintiff cannot demonstrate

that a class action is superior to other means of adjudication.

16.     Class certification is not appropriate because common questions of law or

fact do not predominate over questions of fact or proof of damages affecting individual

members.

17.     Class certification is not appropriate because Plaintiff's claims are not

typical of those of the putative class.

18.     Class certification is not appropriate because the putative class lacks

sufficient numerosity.

19.     The claims of Plaintiff and the other members of the purported Fed. R.

Civ. P. 23 class and FLSA collective are barred to the extent they have received full payment to

which they are entitled for all work performed for Defendant.

20.     Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class

and FLSA collective failed to take advantage of any preventative or corrective measures

provided by Defendant, or to otherwise avoid harm.

34

21.     The claims of Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred to the extent Defendant exercised reasonable care to prevent and promptly correct any alleged conduct violating the FLSA or WWPCL.

22.     Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective cannot demonstrate facts to warrant an award of liquidated damages.

23.     Plaintiff and the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective have failed to mitigate their alleged damages, which are expressly denied.

24.     Defendant reserves the right to assert that after-acquired evidence may limit the alleged damages recoverable by Plaintiff and/or the other members of the purported Fed. R. Civ. P. 23 class and FLSA collective.

25.     Defendant preserves and asserts all affirmative, alternative, and other defenses available under any applicable law.  Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available.  Therefore, Defendant reserves its right to supplement and/or amend this Answer to assert additional defenses or to modify or withdraw asserted defenses in the event that discovery or other means indicate such action would be appropriate.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Bradley Corporation respectfully requests that judgment be entered in its favor, dismissing Plaintiff's Complaint on its merits with prejudice, and awarding Defendant all costs, allowable fees and any other relief that the Court deems just and proper.

4856-6384-0573.1

Dated: December 19, 2022.  /s/ Carmen N. Decot
Carmen N. Decot, WI Bar # 1054862
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414-297-5568 (CND)
Facsimile:  414-297-4900
Email: cdecot@foley.com

Leonard V. Feigel, FL Bar # 0027752
(pro hac vice admission to be requested)
FOLEY & LARDNER LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Telephone: 904-359-8755
Facsimile:  904-359-8700
Email: lfeigel@foley.com

*Attorneys for Defendant Bradley Corporation*

36