UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CRAIG JACKSON,
on behalf of himself and
all others similarly situated,

      Plaintiff,                              Case No. 22-cv-1185

      v.

BRADLEY CORPORATION,

      Defendant

---

**ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFICATION OF A RULE 23 CLASS**

---

Based on the Parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, as well as the record as a whole,

IT IS ORDERED THAT:

1. Preliminary approval of the Parties' Class & Collective Settlement Agreement & Release (the "Agreement") is granted as the Court finds that the settlement terms negotiated by the Parties and described in the Agreement are a fair and reasonable resolution of a *bona fide* wage dispute between Defendant and all affected employees of Defendant during the relevant timeframes.

2. The Wisconsin Settlement Class is certified for settlement purposes pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> any and all current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin between July 25, 2020 and July 25, 2023. The parties believe that there are four hundred and eighty-five (485) Wisconsin Settlement Class members.

3. Craig Jackson shall serve as the representative for the Wisconsin Settlement Class.

4. The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the Wisconsin Settlement Class.

5. The Court approves the form of the notices to the Wisconsin Settlement Class (the "Notice Packet").

6. The Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all putative Wisconsin Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Wisconsin Settlement Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

7. Each putative Wisconsin Settlement Class Member who wishes to be excluded therefrom must opt-out per the instructions set forth in the Notice Packet issued to Wisconsin Settlement Class Members, attached as Exhibit A to the Agreement.

8. Any putative Wisconsin Settlement Class Member who has not properly and timely requested exclusion from the Wisconsin Settlement Class shall be bound in the event the Court issues a final order approving the Settlement Agreement unless good cause is shown for the delay.

9. The Court will conduct a Fairness Hearing on June 3, 2024 at 9:30 a.m. to determine whether the Agreement should be approved as a fair, reasonable and adequate settlement of a *bona fide* wage dispute and whether the proposed final order approving the Agreement should be entered.

10. At least twenty-one (21) days prior to the Fairness Hearing, the parties shall apply for final approval of the Agreement and Plaintiff shall apply for a service payment as well as an award of attorneys' fees and costs pursuant to Rule 23(h).

11. Any Wisconsin Settlement Class Member who wishes to object in any way to the proposed Agreement, service payment, or attorneys' fees and costs must file and serve such written objections per the instructions set forth in the Notice Packet no later than fourteen (14) prior to the Fairness Hearing, together with copies of all papers in support of his or her position. The Court will not consider objections of any putative Wisconsin Settlement Class Member who has not properly served copies of his or her objections on a timely basis.

Entered this 25th day of January, 2024.

BY THE COURT:

/s/ Lynn Adelman
Hon. Lynn Adelman
United States District Court